**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4597

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWUANE LEROY MCCLENDON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, District Judge. (CR-04-70)

Submitted: June 14, 2006          Decided: July 3, 2006

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary Lance Smith, Winchester, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNTIED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwuane Leroy McClendon appeals from his conviction and 120-month sentence imposed following the jury verdict finding him guilty of conspiracy to distribute and possess with intent to distribute crack cocaine. McClendon's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but addressing whether the evidence was sufficient to support McClendon's conviction for conspiracy to distribute and possess with intent to distribute in excess of fifty grams of crack cocaine. McClendon was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm McClendon's conviction and sentence.

McClendon concedes that he conspired to distribute multiple ounce quantities of cocaine; however, he argues that he did not conspire to distribute crack cocaine. Viewing the evidence in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), we find that the evidence was sufficient to support the jury's determination that McClendon was involved with at least fifty grams of crack. Specifically, the evidence showed that, on two different occasions, McClendon sold to Brian Forman one ounce of cocaine powder and cooked that cocaine into crack. One ounce equals 28.35 grams. This testimony alone

would support the jury's finding that McClendon was involved in a conspiracy to distribute at least fifty grams of crack cocaine.

Additionally, Forman testified that, over the term of his involvement in the conspiracy, he obtained approximately thirty ounces of cocaine powder from McClendon. After the initial two purchases, Forman cooked the cocaine into crack himself, keeping some for his own use and selling the rest. Forman testified that McClendon knew that he was selling the cocaine in crack form--both because Forman told him and because McClendon was sometimes present during these sales. Based on this evidence, we conclude that the jury properly attributed to McClendon the reasonably foreseeable crack cocaine distribution by his co-conspirator, Forman. Accordingly, we affirm McClendon's conviction and sentence with respect to the crack cocaine.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm McClendon's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED